UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| RUSSELL P. PRICE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CAUSE NO.  3:05-CV-401 AS |
| v. | ) |
| | ) |
| MICHAEL SCOTT, *et al.*, | ) |
| | ) |
| Defendants. | ) |

*OPINION AND ORDER*

Russell P. Price, a *pro se* prisoner, submitted an amended complaint under 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. FED. R. CIV. PRO. 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. Courts apply the same standard under § 1915A as when addressing a motion under Rule 12(b)(6). *Weiss v. Colley*, 230 F.3d 1027 (7th Cir. 2000).

> A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. Accordingly, pro se complaints are liberally construed.
>
> In order to state a cause of action under 42 U.S.C. § 1983, the Supreme Court requires only two elements:  First, the plaintiff must allege that some person has deprived him of a federal right.  Second, he must allege that the person who has deprived him of the right

>acted under color of state law.  These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

*Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

## I. LEGAL STANDARDS

Mr. Price states that he practices Traditional Native American Religion but that the defendants prevented him from doing so while he was housed at the Lakeside Correctional Facility. He alleges that these acts violated his rights under the First Amendment; the American Indian Religious Freedom Act (AIRFA), 42 U.S.C. § 1996; and the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. § 2000cc-1(a).

### A. First Amendment

Under the First Amendment, prisoners "retain the right to practice their religion to the extent that such practice is compatible with the legitimate penological demands of the state." *Al-Alamin v. Gramley*, 926 F.2d 680, 686 (7th Cir. 1991). A prison regulation or policy that might otherwise unconstitutionally impinge on an inmate's First Amendment rights will survive a challenge if it is reasonably related to legitimate penological interests. *See Turner v. Safley*, 482 U.S. 78, 89 (1987) and *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 353 (1987).

"[T]he prison is entitled to curtail these rights to the extent necessary to protect security." *Johnson-Bey v. Lane*, 863 F.2d 1308, 1310 (7th Cir. 1988).

> Prison administrators should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security.

*Whitley v. Albers*, 475 U.S. 312, 321-322 (1986) (citations, ellipsis, and quotation marks omitted). "The 'free' exercise of religion thus is rather a misnomer in the prison setting." *Johnson-Bey v. Lane*, 863 F.2d 1308, 1310 (7th Cir. 1988).

### B. American Indian Religious Freedom Act

AIRFA provides that:

> Henceforth it shall be the policy of the United States to protect and preserve for American Indians their inherent right of freedom to believe, express, and exercise the traditional religions of the American Indian, Eskimo, Aleut, and Native Hawaiians, including but not limited to access to sites, use and possession of sacred objects, and the freedom to worship through ceremonials and traditional rites.

42 U.S.C. § 1996.

> What is obvious from the face of the statute is confirmed by numerous indications in the legislative history. The sponsor of the bill that became AIRFA, Representative Udall, called it "a sense of Congress joint resolution," aimed at ensuring that "the basic right of the Indian people to exercise their traditional religious practices is not infringed without a clear decision on the part of the Congress or the administrators that such religious practices must yield to some higher consideration." Representative Udall emphasized that the bill would not "confer special religious rights on Indians," would "not change any existing State or Federal law," and in fact "has no teeth in it."

3

*Lyng v. Northwest Indian Cemetery Protective Ass'n*, 485 U.S. 439, 550-51 (1988) (citations omitted). Thus, "AIRFA is merely a statement of federal policy to protect Indians' exercise of their religion; it confers no cause of action." *Lockhart v. Kenops*, 927 F.2d 1028, 1036 (8th Cir. 1991). Therefore his AIRFA claims will be dismissed.

### C. Religious Land Use and Institutionalized Persons Act

RLUIPA provides that:

> No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution . . . even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person –
> (1) is in furtherance of a compelling governmental interest; and
> (2) is the least restrictive means of furthering that compelling governmental interest.

42 U.S.C. § 2000cc-1(a).

RLUIPA does not define substantial burden, but in a case interpreting the land use provisions of RLUIPA, the Seventh Circuit has stated that

> a substantial burden on religious exercise is one that necessarily bears direct, primary, and fundamental responsibility for rendering religious exercise . . . effectively impracticable.

*Civil Liberties for Urban Believers v. City of Chicago*, 342 F.3d 752, 761 (7th Cir. 2003). The statute defines religious exercise to "include any exercise of religion, whether or not compelled by, or central to, a system of religious belief." 42 U.S.C.

§ 2000cc-5(7). Nevertheless, a substantial burden may be justified if it is the least restrictive means of furthering a compelling governmental interest.

> We do not read RLUIPA to elevate accommodation of religious observances over an institution's need to maintain order and safety. Our decisions indicate that an accommodation must be measured so that it does not override other significant interests.
> . . .
> Lawmakers supporting RLUIPA were mindful of the urgency of discipline, order, safety, and security in penal institutions. They anticipated that courts would apply the Act's standard with due deference to the experience and expertise of prison and jail administrators in establishing necessary regulations and procedures to maintain good order, security and discipline, consistent with consideration of costs and limited resources.

*Cutter v. Wilkinson*, 544 U.S. 709, 722-23 (2005) (citations and quotation marks omitted).

### D. Class Action

Though Mr. Price does not specifically request that this case proceed as a class action, he nevertheless requests relief for all of the members of the Native American Prayer Circle at the Lakeside Correctional Facility.

> Under Rule 23(a)(4), a class representative must fairly and adequately protect the interests of the class. A litigant may bring his own claims to federal court without counsel, but not the claims of others. This is so because the competence of a layman is clearly too limited to allow him to risk the rights of others.

*Fymbo v. State Farm*, 213 F.3d 1320, 1321 (10th Cir. 2000) (citations and quotation marks omitted). Furthermore, Mr. Price lacks standing to assert the rights of other inmates. "[S]tanding encompasses the general prohibition on a litigant's raising another person's legal rights . . . ." *Elk Grove Unified School District*

5

*v. Newdow,* 542 U.S. 1, 12 (2004) (quotation mark omitted). Therefore his requested relief on behalf of others will be dismissed.

## II. CLAIMS

### A. Religious Practices

Mr. Price alleges that the defendants did not make a reasonable effort to obtain a free-world sponsor for his religious group, that they denied him communal worship, and that they denied him access to sacred religious items while he was housed at the Lakeside Correctional Facility. Mr. Price has attached a letter that he wrote to one of the defendants. In it he states that he was offered the opportunity to transfer to a prison that had an active Traditional Native American religious group, but that he declined because he did not want to be farther away from his family. While it is easy to understand why Mr. Price made the decision that he did, these defendants cannot be held liable for that decision.

Neither the First Amendment nor RLUIPA permit an inmate to dictate to prison officials the location of religious services. The defendants fully satisfied their obligation to accommodate his religious beliefs when they offered him the ability to worship in accordance with his religious preferences by transferring him to a different prison. Just as it was not for him as an inmate to dictate in what room in the prison his religious services must be held, so to it was not for him to dictate in what prison they were held. Thus the defendants are no more liable because he decided not to go to another prison than they would be if he decided

not to go down the hall to attend religious services. Therefore all of these religious based claims will be dismissed.

## B. Grievances

Finally, Mr. Price alleges that the defendants did not respond to his grievances.

> [T]he First Amendment right to petition the government for a redress of grievances protects a person's right to complain to the government that the government has wronged him, but it does not require that a government official respond to the grievance.

*Jones v. Brown*, 300 F. Supp. 2d 674, 679 (N.D. Ind. 2003). Because no response was required, this allegation does not state a claim.

## III. CONCLUSION

For the foregoing reasons, this case is dismissed pursuant to 28 U.S.C. § 1915A.

**IT IS SO ORDERED.**

**ENTERED: August   14  , 2006**

                                      **S/ ALLEN SHARP**
                                      **ALLEN SHARP, JUDGE**
                                      **UNITED STATES DISTRICT COURT**